## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**MARK BARDWELL**                                                                                           **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 5:15CV-242-TBR**

**KY NEW ERA NEWSPAPER** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Mark Bardwell filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review, for the reasons set forth herein, the Court will dismiss Plaintiff's claims against the Hopkinsville Police Department (HPD) and order Plaintiff to provide the status of his criminal charges before conducting initial screening of the other claims.

Plaintiff filed his original complaint (DN 1) on the Court's general complaint form. He subsequently filed an amended complaint (DN 5) on the Court's newly adopted general complaint form. The Court construes the amended complaint as a motion for leave to amend the complaint. **IT IS ORDERED** that the motion to amend (DN 5) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1)(B). The Court will conduct initial screening of both the original and amended complaints.

### I.

In the original complaint, Plaintiff sues the *Kentucky New Era* newspaper; the HPD; and HPD Officers B. Sierra and A. Vance. In his statement of the claim, Plaintiff states that the *Kentucky New Era* newspaper printed a "slanderous untrue statement" about him "giving the

people i know who read it a false thinking of me now by Believing what was written." He states that the HPD violated his civil rights "by not allowing me access to the County Attorney's office once finding out Thomas Lyle (who had just hit me with a 2 x 4) was a white man and Police Informant was involved." He further states, "Officer B. Sierra and Officer Vance as told to me by the Christian County Public Advocacy Office, who are representing me on false charges of 2 misdemeanor's (Terroristic Threatening) and (Robbery). The 2 false warrants Thomas Lyle was allowed to file at the urgence of Sierra and Vance police officer's." He states that he "had already filed charges on Thomas Lyle first at the County Attorney's Office . . . ." Attached to the complaint are two letters from the Christian County Attorney's Office, one addressed to Plaintiff and one addressed to Thomas Lyle. The letters essentially state that both men had complained to the County Attorney's Office about the other and that they should make every effort to have no contact with each other.

In the amended complaint, Plaintiff sues HPD Officers Vance and Sierra; the *Kentucky New Era* newspaper; and Chuck Henderson, whom Plaintiff identifies as the CEO of the *Kentucky New Era* newspaper. Where the form asks Plaintiff to list specific federal statutes or provisions of the United States Constitution at issue, Plaintiff states, "Amendment 1 Free Speech civil rights act of 1964 Race national origin 42 U.S. Code § 1985 conspiracy to interfere with civil rights [] depriving person of rights and privileges." Elsewhere in the form Plaintiff states, "I was held in Jail due to a lie by Thomas Lyle a police informant who said i robbed him and threatened him falsely to O. Sierra and O. Vance HPD." As his statement of the claim in the amended complaint, Plaintiff states, "Chuck Henderson – Libel (Published) (False) (injurious) by his newspaper Ky New Era. 1st Amendment violation O. Vance HPD Officer Sierra – 1964 Civil Rights violation false imprisonment False Arrest based on a lie by Police Informant Thomas

Lyle." In the relief section of the complaint form, Plaintiff states, "Punitive – reputation damaged as far as employment O. Vance and O. Sierra HPD with Chuck Henderson Ky New Era newspaper. $5,000,000 for Libel/Slander and false arrest with false imprisonment and the $1,500 dollars for Lawyer Rick Boling at my expense."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the

district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

The Court construes the complaint and amended complaint as alleging claims under 42 U.S.C. §§ 1983 and 1985 for false arrest, false imprisonment, and violation of his civil rights against HPD Officers Vance and Sierra and alleging claims of libel and slander against the *Kentucky New Era* newspaper and Henderson.

Plaintiff lists the HPD as a Defendant in the original complaint but does not list it as a Defendant in the amended complaint. Therefore, the Court presumes that Plaintiff no longer wishes to pursue a claim against the HPD. In any event, a police department may not be sued under § 1983 or § 1985. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). The Court would construe the allegations against HPD as against the City of Hopkinsville. The complaint and amended complaint fail to establish a basis for liability against the municipality, and the claims against HPD would not survive initial screening. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (dismissing § 1985 claims against government entity under *Monell*). Accordingly,

**IT IS ORDERED** that Plaintiff's claims against HPD are **DIMISSED**. The Clerk of Court is **DIRECTED to terminate** HPD as a party to this action.

### *Status of charges*

With regard to Plaintiff's false arrest and false imprisonment claims against Officers Vance and Sierra, the U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with

4

common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato,* 549 U.S. 384, 393 (2007). In light of *Wallace v. Kato,* if Plaintiff's criminal case stemming from the alleged incident is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, the claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court will order Plaintiff to provide information concerning the status of the criminal charges. Once Plaintiff provides this information, the Court will conduct an initial screening of the remaining claims alleged by Plaintiff.

**IT IS THEREFORE ORDERED** that within **30 days** of the date of entry of this Order, Plaintiff shall advise this Court in writing as to the status of the criminal charges against him. Specifically, Plaintiff must:

(1) state all charges filed against him arising out of the incident that is the subject of this lawsuit;

(2) provide the Court with the criminal action number(s) for those charges;

(3) state whether the charges have been dismissed, are still pending, or whether he has been convicted;

(4) if he has been convicted, state whether a direct appeal or state collateral proceeding is pending;

(5) if he has been convicted, state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and

(6) if any charges have been dismissed, state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court.

Plaintiff is **WARNED** that his failure to comply with this Memorandum Opinion and Order within **30 days** will result in dismissal of this action for failure to comply with an Order of this Court and for failure to prosecute.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.010