# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

MARK BARDWELL                                               PLAINTIFF

v.                                   CIVIL ACTION NO. 5:15CV-242-TBR

KY NEW ERA NEWSPAPER *et al.*                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Bardwell filed this *pro se* action proceeding *in forma pauperis*. On April 20, 2016, the Court conducted initial screening of the action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (DN 6). Upon initial review, the Court dismissed Plaintiff's claims against the Hopkinsville Police Department (HPD) and ordered Plaintiff to provide the status of his criminal charges before conducting initial screening of the other claims. Plaintiff has now provided information concerning the status of his criminal charges. Therefore, the Court will conduct initial screening of the remaining claims.

Upon review, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

## I.

In the original complaint, Plaintiff sues the *Kentucky New Era* newspaper; the HPD; and HPD Officers B. Sierra and A. Vance. In his statement of the claim, Plaintiff states that the *Kentucky New Era* newspaper printed a "slanderous untrue statement" about him "giving the people i know who read it a false thinking of me now by Believing what was written." He states that the HPD violated his civil rights "by not allowing me access to the County Attorney's office once finding out Thomas Lyle (who had just hit me with a 2 x 4) was a white man and Police

Informant was involved." He further states, "Officer B. Sierra and Officer Vance as told to me by the Christian County Public Advocacy Office, who are representing me on false charges of 2 misdemeanor's (Terroristic Threatening) and (Robbery). The 2 false warrants Thomas Lyle was allowed to file at the urgence of Sierra and Vance police officer's." He states that he "had already filed charges on Thomas Lyle first at the County Attorney's Office . . . ." Attached to the complaint are two letters from the Christian County Attorney's Office, one addressed to Plaintiff and one addressed to Thomas Lyle. The letters essentially state that both men had complained to the County Attorney's Office about the other and that they should make every effort to have no contact with each other.

In the amended complaint, Plaintiff sues HPD Officers Vance and Sierra; the *Kentucky New Era* newspaper; and Chuck Henderson, whom Plaintiff identifies as the CEO of the *Kentucky New Era* newspaper. Where the form asks Plaintiff to list specific federal statutes or provisions of the United States Constitution at issue, Plaintiff states, "Amendment 1 Free Speech civil rights act of 1964 Race national origin 42 U.S. Code § 1985 conspiracy to interfere with civil rights [] depriving person of rights and privileges." Elsewhere in the form, Plaintiff states, "I was held in Jail due to a lie by Thomas Lyle a police informant who said i robbed him and threatened him falsely to O. Sierra and O. Vance HPD." As his statement of the claim in the amended complaint, Plaintiff states, "Chuck Henderson – Libel (Published) (False) (injurious) by his newspaper Ky New Era. 1st Amendment violation O. Vance HPD Officer Sierra – 1964 Civil Rights violation false imprisonment False Arrest based on a lie by Police Informant Thomas Lyle." In the relief section of the complaint form, Plaintiff states, "Punitive – reputation damaged as far as employment O. Vance and O. Sierra HPD with Chuck Henderson Ky New Era

newspaper. $5,000,000 for Libel/Slander and false arrest with false imprisonment and the $1,500 dollars for Lawyer Rick Boling at my expense."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

**III.**

The Court construes the complaint and amended complaint as alleging claims under 42 U.S.C. §§ 1983 and 1985 for false arrest, false imprisonment, and violation of the First Amendment against HPD Officers Vance and Sierra; alleging claims under the Civil Rights Act of 1964 against HPD Officers Vance and Sierra; and alleging claims of libel and slander against the *Kentucky New Era* newspaper, Henderson, and HPD Officers Vance and Sierra.[1]

*§ 1983 claims*

In the April 20, 2016, Memorandum and Order, the Court determined that, with regard to the false arrest and false imprisonment claims against Officers Vance and Sierra, if the charges against Plaintiff were still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter under *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Alternatively, the Court found that the claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, the Court ordered Plaintiff to provide information concerning the status of the criminal charges. Plaintiff provided information indicating that the charges against him were dismissed. Because the charges are no longer pending and appear to have been dismissed, it is not necessary to stay the false arrest and false imprisonment claims, and the claims do not appear to fall under the *Heck v. Humphrey* doctrine. Accordingly, the Court will allow Plaintiff's claims under § 1983 of false arrest and false imprisonment to proceed against Officers Vance and Sierra in their individual capacities.

With regard to Plaintiff's First Amendment allegations, the First Amendment provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people

---

[1] As stated above, the Court dismissed Plaintiff's claims against the Hopkinsville Police Department (DN 6).

peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff fails to explain how the First Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable First Amendment claim against Defendants. Therefore, his § 1983 claims based on alleged violation of the First Amendment will be dismissed.

*§ 1985 claims*

Plaintiff also references § 1985. He does not state on which section of § 1985 he is relying. However, as none of Plaintiff's allegations indicate that § 1985(1) or (2)[2] would apply, the Court presumes that he is alleging violations under § 1985(3). The Sixth Circuit has held that a viable § 1985(3) claim must contain:

> (1) [A] conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). To state a claim for conspiracy under § 1985, there must be specific factual allegations showing the existence of the conspiracy, as well as allegations that the Defendants acted with the specific intent to deprive Plaintiff of equal protection or equal privileges and immunities; conclusory allegations unsupported by material facts are insufficient to state a claim. *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (noting that "'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *Brooks v.*

---

[2] Section 1985(1) applies to preventing an officer from performing duties, and § 1985(2) pertains to obstructing justice and intimidating a party, witness, or juror in a court proceeding.

*Am. Broad. Cos., Inc.*, 932 F.2d 495, 499 (6th Cir. 1991) (finding that § 1985 claim failed because "the allegations were too vague and conclusory"); *Azar v. Conley*, 456 F.2d 1382, 1384 (6th Cir. 1972) ("In order to state a claim for relief under 42 U.S.C. § 1985, there must be specific allegations showing the existence of a conspiracy. General and conclusory allegations of conspiracy are not enough.").

In the present case, Plaintiff has not made specific factual allegations sufficient to state a § 1985 conspiracy claim against Defendants. Without such factual allegations, his § 1985(3) conspiracy claims fail and will be dismissed for failure to state a claim upon which relief may be granted.

***Claims under the Civil Rights Act of 1964***

With regard to Plaintiff's claim alleging a violation of the Civil Rights Act of 1964 (CRA), Plaintiff does not specify the Title of the CRA under which he brings his claims. Broadly speaking, the CRA guarantees equal voting rights by removing registration requirements and procedures biased against minorities, 42 U.S.C. § 1971(e); prohibits segregation or discrimination in places of public accommodation involved in interstate commerce, 42 U.S.C. § 2000a; deals with the desegregation of public schools, 42 U.S.C. § 2000c *et seq.*; mandates nondiscrimination in the distribution of funds under federally assisted programs, 42 U.S.C. § 2000d; and bans discrimination by trade unions, schools, or employers involved in interstate commerce or doing business with the federal government, 42 U.S.C. § 2000e *et seq*. Plaintiff has not alleged, and the Court cannot discern, any provision of the CRA which applies to his claims. Therefore, Plaintiff's claims under the CRA will be dismissed for failure to state a claim upon which relief may be granted.

*State-law claims*

Finally, the Court will allow Plaintiff's state-law libel and slander claims to proceed against the *Kentucky New Era* newspaper, Henderson, and HPD Officers Vance and Sierra in their individual capacities. The Court will also allow state-law claims of false arrest and false imprisonment to proceed against HPD Officers Vance and Sierra in their individual capacities, as well.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims under § 1983 based on alleged violations of the First Amendment, claims under § 1985, and claims under the Civil Rights Act of 1964 are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been allowed to proceed.

Date:


cc:      Plaintiff, *pro se*
           Defendants
           Christian County Attorney
4413.010