UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**MARK BARDWELL**                                                                              **PLAINTIFF**

v.                                                      **CIVIL ACTION NO. 5:15CV-242-TBR**

**KY NEW ERA NEWSPAPER** *et al.*                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Mark Bardwell filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on a second amended complaint filed by Plaintiff (DN 19). The Court first observes that the filing was docketed as an amended complaint. However, since Plaintiff filed a previous amended complaint (DN 5), the Clerk of Court is **DIRECTED to re-docket** the instant filing as a second amended complaint.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review of the second amended complaint, the Court will dismiss the purported claims.

### I.

In the original complaint, Plaintiff sued the *Kentucky New Era* newspaper; the Hopkinsville Police Department (HPD); and HPD Officers Sierra and Vance. In the amended complaint, Plaintiff sued HPD Officers Sierra and Vance; the *Kentucky New Era* newspaper; and Chuck Henderson, whom he identified as the CEO of the *Kentucky New Era* newspaper. Upon initial screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e), the Court dismissed some of the claims and allowed the following claims to proceed: Plaintiff's claims under § 1983 of false arrest and false imprisonment against Officers Sierra and Vance in

their individual capacities; Plaintiff's state-law libel and slander claims against the *Kentucky New Era* newspaper, Chuck Henderson, and Officers Sierra and Vance in their individual capacities; and state-law claims of false arrest and false imprisonment against Officers Sierra and Vance in their individual capacities.

In the second amended complaint, Plaintiff names as Defendants the following: Judge Cotthoff; Maureen Leamy and Lindsey Adams, whom Plaintiff identifies as Assistant County Attorneys; Clayton Sumner, whom Plaintiff identifies as the HPD Police Chief; and Hopkinsville Mayor Carter Hendricks. Where the complaint form asks for the basis for jurisdiction, Plaintiff states, "U.S. Constitution Amendment 8, Amendment 4, Amendment 6, Amendment 14 Miranda rights violation." In the statement-of-the-claim portion of the complaint form, Plaintiff states, "A violation of my amendment rights as a citizen legally born in the United States of America. Civil rights as a whole." In the relief section of the form, Plaintiff states, "5,000,000 damages by the 7 defendants."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And

this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).

In the second amended complaint, Plaintiff makes only broad and conclusory allegations of violations of his constitutional rights which are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The second amended complaint

does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Therefore, the second amended complaint fails to meet the pleading standards of Rule 8(a) and must be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's second amended complaint is **DISMISSED** for failure to meet the pleading standards of Rule 8(a) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Date:


cc: Plaintiff, *pro se*
 Counsel of record
 Christian County Attorney
4413.010