UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00242-TBR

MARK J. BARDWELL,    Plaintiff,

v.

KENTUCKY NEW ERA NEWSPAPER, *et al.*,    Defendants.

**MEMORANDUM OPINION**

Mark J. Bardwell, proceeding *pro se* and *in forma pauperis*, filed this action against, as pertinent to this opinion, the *Kentucky New Era* newspaper and Chuck Henderson, whom he identifies as the Chief Executive Officer of the newspaper, bringing a common-law claim for libel. In detail, Bardwell alleges that the *Kentucky New Era* published a defamatory article which described certain criminal charges brought against him. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the *Kentucky New Era* and Henderson filed a motion to dismiss Bardwell's claim against them. Upon its own motion, the Court converted that filing into a motion for summary judgment. Because the *Kentucky New Era* and, ostensibly, Henderson published a fair and impartial report of the allegations made against Bardwell, the *Kentucky New Era* and Chuck Henderson's Motion to Dismiss, [R. 18], is **GRANTED**.

**I.**

**A.**

Briefly, Mark J. Bardwell alleges that the *Kentucky New Era* newspaper, along with Chuck Henderson, whom he identifies as the Chief Executive Officer of the newspaper, published a false and injurious article about him. [*See* R. 1 at 2, ¶ 4 (Complaint); R. 5 at 5 (Amended Complaint).] The article read:

> A Hopkinsville man was arrested Wednesday after he hit someone in the head and threatened them, according to an arrest warrant.
>
> The warrant accuses Mark J. Bardwell, 45, of demanding $20 from the person before hitting them on Oct. 26. Later that day, Bardwell allegedly came to that person's place of work and harassed them over the money.
>
> The person was afraid of being hit again, so they threw a two-by-four at Bardwell, the warrant said.
>
> On Oct. 22, Bardwell told the person they would "end up" like their brother, who was murdered, according to the warrant.
>
> Bardwell was charged with third-degree terroristic threatening and second-degree robbery and booked into the Christian County Jail. Bail was set at $2,000.

[R. 28 at 2 (Article).] The warrant referenced in the article read:

> The Affiant, Thomas Lyle, states that [on October 26, 2015] . . . , the above named defendant [Bardwell] unlawfully: demanded $20 from the affiant, who told him no. Defendant then hit affiant in the head. Later that day, defendant came to where affiant was working and began to harass him over money. Affiant was afraid of being hit again and threw a 2 x 4 at defendant. On Oct. 22, 2015, Defendant had told affiant he was going to "end up" like affiant's brother, who was murdered.

[R. 18-3 at 11 (Warrant).]

### B.

Alleging that the above-quoted article was libelous, Bardwell filed this action against the *Kentucky New Era* and Henderson. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the *Kentucky New Era* and Henderson filed a motion to dismiss Bardwell's action against them. [*See* R. 18 at 1 (Motion to Dismiss).] Upon its own motion, the Court converted that filing into a motion for summary judgment and instructed Bardwell to file a response. [R. 25 at 1–2 (Order of January 31, 2017).] He did just that on February 8, 2017. [*See* R. 28 at 1 (Response).]

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the parties moving for summary judgment, the *Kentucky New Era* and Henderson must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Bardwell's claim. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the *Kentucky New Era* and Henderson satisfy their burden of production, Bardwell "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III.

The *Kentucky New Era* and Henderson argue that Bardwell's claim for libel must fail because publication of the article in question comes under the qualified privilege codified by Ky. Rev. Stat. § 411.060. The statute reads, in pertinent part:

> The publication of a fair and impartial report or the whole or a synopsis of any indictment, warrant, affidavit, pleading, or other document in any criminal or civil action in any court of competent jurisdiction shall be privileged, unless it is proved that it was published maliciously, or that the defendant after request by the plaintiff has failed to publish a reasonable explanation or contradiction thereof, giving the explanation or contradiction the same prominence and space as the original publication, or that the publisher has refused after request by the plaintiff to publish the subsequent determination of the proceeding.

Ky. Rev. Stat. § 411.060. Bardwell never asked the *Kentucky New Era* to publish any sort of explanation or contradiction. Therefore, so long as the article was an accurate report and was not "published maliciously," the *Kentucky New Era* and Henderson are entitled to judgment as a matter of law.

The qualified privilege recognized by Ky. Rev. Stat. § 411.060 encompasses the publication of the article in question. The article is accurate. To come within the scope of the privilege, a newspaper need not "print the exact facts so long as what it does print is substantially true." *Pearce v. Courier-Journal & Louisville Times Co.*, 683 S.W.2d 633, 635 (Ky. Ct. App. 1985) (citing *Bell v. Courier-Journal & Louisville Times Co.*, 402 S.W.2d 84 (Ky. 1966)). In this case, the article closely mirrors the language and allegations made in the warrant. [*Compare* R. 18-3 at 11, *with* R. 28 at 2.] There is nothing inaccurate in the article's synopsis. The article was not "published maliciously" either. An account is considered "maliciously made" if "it is published 'solely for the purpose of causing harm to the person defamed.'" *Smith v. Martin*, 331 S.W.3d 637, 641 (Ky. Ct. App. 2011) (quoting *Pearce*, 683 S.W.2d at 636). Having reviewed the record in

the light most favorable to him, there is nothing to suggest that the article was published solely for the purpose of causing Bardwell harm. Accordingly, summary judgment on Bardwell's claim for libel is warranted.

## IV.

The *Kentucky New Era* newspaper and Chuck Henderson's Motion to Dismiss, [R. 18], is **GRANTED**. An appropriate order shall issue.

Date:

cc:  Counsel of Record
     Plaintiff, *pro se*