# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00242-TBR

MARK J. BARDWELL,                                                                                 Plaintiff,

v.

KENTUCKY NEW ERA NEWSPAPER, *et al.*,                       Defendants.

## MEMORANDUM OPINION

Mark J. Bardwell, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action against, as pertinent to this opinion, Officers Ceasar Anthony Sierra and Alan Vance of the Hopkinsville Police Department, bringing claims for false arrest and false imprisonment in violation of the Fourth Amendment. Pursuant to Federal Rule of Civil Procedure 56, the Officers move for summary judgment on both claims. Bardwell has filed no response. For the following reasons, the Officers Sierra and Vance's Motion for Summary Judgment, [R. 26], is **GRANTED**.

## I.

### A.

Briefly, Mark J. Bardwell and Thomas E. Lyle, III are residents of Christian County, Kentucky whom apparently enjoy less than a friendly relationship. The story of this litigation begins on October 26, 2015. Sometime that morning, Bardwell approached Lyle and demanded twenty dollars from him. [R. 26-2 at 2 (Warrant of Arrest).] When Lyle declined to turnover that sum, Bardwell struck him over the head. [*Id.*] Later that same day, Bardwell came to Lyle's place of work and harassed him about that subject again. [*Id.*]

1

Subsequently, Lyle filed a complaint against Bardwell. [*Id.*] Officers Ceasar Anthony Sierra and Alan Vance of the Hopkinsville Police Department investigated Lyle's allegations. [R. 26-4 at 2, ¶ 3 (Officer Sierra's Affidavit); R. 26-5 at 2, ¶ 3 (Officer Vance's Affidavit).] Bardwell admitted to striking Lyle over the head as Lyle had alleged. [R. 26-4 at 2, ¶ 4; R. 26-5 at 2, ¶ 4.] Based on Lyle's sworn testimony, as supplemented by Officers Sierra and Vance's investigation, Christian County District Court Judge Foster Cotthoff issued a warrant for Bardwell's arrest on October 27. [R. 26-2 at 2.] The warrant charged Bardwell with terroristic threatening in the third degree and attempted robbery in the second degree. [*Id.*] On November 4, Bardwell was arrested pursuant to the warrant. [R. 26-6 at 2 (Uniform Citation).] Neither Officer Sierra nor Officer Vance participated in Bardwell's arrest. [R. 26-4 at 2, ¶ 5; R. 26-5 at 2, ¶ 5.] When Lyle failed to appear at the pretrial conference on April 22, 2016, Judge Cotthoff dismissed all charges against Bardwell. [R. 26-7 at 2 (State Court Order of April 22, 2016).]

**B.**

Claiming that his arrest and subsequent detention violated the Fourth Amendment, Bardwell filed this 42 U.S.C. § 1983 action against Officers Sierra and Vance. [R. 1 at 2, ¶ 4 (Complaint); R. 5 at 5 (Amended Complaint).] He alleges a handful of state-law claims against Officers Sierra and Vance too. Pursuant to Federal Rule of Civil Procedure 56, the Officers move for summary judgment. [R. 26 (Motion for Summary Judgment).] Bardwell has elected to forego filing a response.

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the parties moving for summary judgment, Officers Sierra and Vance must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Bardwell's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming Officers Sierra and Vance satisfy their burden of production, Bardwell "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

**III.**

Officers Sierra and Vance argue that Bardwell's false arrest and false imprisonment claims come up short for a number of reasons. [R. 26-1 at 4–8 (Memorandum in Support).] The principal of those is that probable cause supported Bardwell's arrest and detention—a fact which, if true, defeats both theories of liability. [*Id.* at 5–6.] On that point, Officers Sierra and Vance are right.

In order for a false arrest or false imprisonment claim to succeed under § 1983, the plaintiff must prove "that the arresting officer lacked probable cause." *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)). Generally speaking, an arrest pursuant to a warrant conclusively establishes the existence of probable cause. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). To overcome that conclusion, a plaintiff must demonstrate that the defendant "'knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create[d] a falsehood' and 'such statements or omissions [we]re material, or necessary, to the finding of probable cause.'" *Id.* (alterations in original) (quoting *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000)).

In this case, Bardwell's arrest and detention were pursuant to an arrest warrant issued upon a finding of probable cause. He has come forward with no evidence to call Judge Cotthoff's determination into question. Likewise, there is nothing in the record to suggest that Officers Sierra and Vance made culpably false statements upon which the warrant issued. Having reviewed the record in the light most favorable to Bardwell, probable cause existed for his arrest and subsequent detention. Accordingly, his claims for false arrest and false imprisonment fail as a matter of law.

Having dismissed Bardwell's federal-law claims against Officers Sierra and Vance, the Court declines to exercise supplemental jurisdiction over his handful of remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d ed.), Westlaw (database updated April 2017) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."). Accordingly, the Court will dismiss Bardwell's state-law claims without prejudice.

## IV.

Officers Sierra and Vance's Motion for Summary Judgment, [R. 26], is **GRANTED**. An appropriate order shall issue.

Date:

cc: Counsel of Record
Plaintiff, *pro se*