# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00242-TBR

MARK J. BARDWELL,                                                                 Plaintiff,

v.

KENTUCKY NEW ERA NEWSPAPER, *et al.*,                              Defendants.

## MEMORANDUM OPINION AND ORDER

Mark J. Bardwell, proceeding *pro se* and *in forma pauperis*, filed this action against, as pertinent to this opinion, the *Kentucky New Era* newspaper and Chuck Henderson, whom he identifies as the Chief Executive Officer of the newspaper, bringing a common-law claim for libel. [*See* R. 5 (First Amended Complaint).] On August 30, 2016, the *Kentucky New Era* and Henderson moved to dismiss Bardwell's complaint against them. [*See* R. 18 (Motion to Dismiss).] Upon its own motion, the Court converted that filing into a motion for summary judgment, [*see* R. 25 (Order of January 31, 2017)], and subsequently entered judgment in favor of the *Kentucky New Era* and Henderson after affording Bardwell an opportunity to respond, [*see* R. 29 (Memorandum Opinion)]. Now, Bardwell asks the Court to reconsider that decision. [*See* R. 31 (Motion to Reconsider).]

The Court may reconsider interlocutory orders, such as an order dismissing some parties and not others, under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is

appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

Bardwell's original filings in this case presented questions which the Court worked diligently to resolve. While Court cannot discern the exact basis of Bardwell's motion, he identifies no change in controlling law and no new evidence of note, but rather appears to argue that the Court committed clear error in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Bardwell has made. It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary. The Court stands by its original decision for the reasons stated then.

**IT IS HEREBY ORDERED** that Bardwell's Motion to Reconsider, [R. 31], is **DENIED**.

**IT IS FURTHER ORDERED** that Kentucky New Era Inc. and Chuck Henderson's Motion for Leave to File Late Response, [R. 32], Amended Motion for Leave to File Late Response, [R. 34], and Second Amended Motion for Leave to File Late Response, [R. 35], are **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:  Plaintiff, *pro se*
     Counsel of Record